**CV 13        5111**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

TEQUA BANKS,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JAMES
MCMAHON, #8287, JOHN DOE SUPERVISOR ##1-2
JOHN DOE POLICE OFFICER ##1-6,

                                         Defendants.

------------------------------------------------------------ x

**COMPLAINT AND JURY DEMAND**

**ECF CASE**

COGAN, J.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an August 3, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, false imprisonment, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth

and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Queens County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual and official capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF INTENT TO FILE SUIT

11. Within 90 days of the events giving rise to this claim, plaintiffs filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. On August 3, 2012, plaintiff was at her usual place of employment at Lifespire,

located at 136-04 220th St., Laurelton, (Queens County) NY 11413. Lifespire is a facility for adults with development disabilities. Plaintiff is a counselor at the facility.

13. At approximately 6:30 a.m., plaintiff was attacked by a client at Lifespire. The client bit, choked and scratched her, and continued to act in a dangerous manner. Plaintiff called the police.

14. When the police arrived, they arrested the client, but defendant Police Officer McMahon taunted plaintiff, saying in sum and substance that she was not competent to handle her job. She obtained Officer McMahon's badge number.

15. Minutes later, police officers came back to the facility and, in apparent retaliation for plaintiff demanding Officer McMahon's badge number, arrested plaintiff for assault.

16. After spending numerous hours in custody, the District Attorney's office declined to prosecute the case, and plaintiff was released.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her

person;

      b.    Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

      c.    Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

      d.    Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

      e.    Physical pain and suffering;

      f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;; and

      g.    Loss of liberty;

      h.    Attorney's and court fees.

### FIRST CAUSE OF ACTION
(42 USC § 1983)

20.    The above paragraphs are here incorporated by reference.

21.    Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

22.    By falsely arresting and maliciously prosecuting plaintiff, Defendants' conduct deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST)

24. The preceding paragraphs are here incorporated by reference.

25. Defendants subjected plaintiff to false arrest, false imprisonment, false detention, and deprivation of liberty without probable cause.

26. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

27. As a result of the false arrest, imprisonment, detention and deprivation of liberty, plaintiff was damaged.

## THIRD CAUSE OF ACTION
(CONSTITUTIONAL TORT)

28. The preceding paragraphs are here incorporated by reference.

29. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

30. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

## FOURTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

31. The preceding paragraphs are here incorporated by reference.

32. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New

York's interest.

33. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         September 9, 2013

TO:  New York City
     Corporation Counsel Office
     100 Church Street, 4th floor
     New York, NY 10007

     Police Officer McMahon #8287

Yours, etc.,

*Leo Glickman* (signature)

Leo Glickman
Attorney for Plaintiff
475 Atlantic Ave., 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com